UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BMO HARRIS BANK, NA )
)
V. ) NO. 2:16-CV-60
)
CUSTOM DIESEL EXPRESS, INC., )
and JOHN GRIFFITHS )

# REPORT AND RECOMMENDATION

The plaintiff has filed a Motion for Attorneys' Fees and Costs [Doc. 24]. The Motion has been referred to the United States Magistrate Judge by order of reference from the District Judge [Doc. 25]. The Motion, filed on April 24, 2017, is now ripe for decision under Local Rule 7.1(a). There has been no response from the defendants.

This action arises out of four "Loan and Security Agreements" [the "Agreements"] executed by defendant Custom Diesel Express, Inc. to plaintiff's predecessor in interest. Defendant Griffiths executed continuing guaranty agreements as to each of the Agreements. Plaintiff filed a motion for summary judgment to collect on the indebtedness owed under the Agreements. On April 12, 2017, the District Judge entered a Memorandum Opinion [Doc. 22] granting that motion. In discussing the amount owed by the defendants on the Agreements themselves to the plaintiff, the Court stated that "[t]his amount, however, does not include attorneys' fees and costs, to which BMO is also entitled under the terms of the loan agreements." [Doc. 22, pg. 2]. Judgment was entered against the defendants, jointly and severally, for the amount owed on the

Agreements in the sum of $291,369.45, with interest accruing at $127.21 per day after February 1, 2017. [Doc. 23].

Plaintiff filed the present Motion for the fees and costs alluded to by the District Judge on April 24, 2017. Plaintiff asserts that it has incurred, through the filing of the Motion, attorneys' fees in the amount of $23,395.00 and costs in the amount of $485.00. The fees and costs are itemized in affidavits of Aaron B. Chapin, plaintiff's lead counsel, and Gregory C. Logue, plaintiff's local counsel [Doc. 24-1]. Counsel, in their respective affidavits, swear under oath that the rates set forth in the itemized billing records were necessary and reasonable for the work performed, and are reasonable for the geographical area in which the services were performed. In the affidavit of Mr. Chapin, he also states that the fees he seeks include a discount due to the volume of work his firm performs for the plaintiff.

Each of the four Agreements states in their respective paragraphs 5.2 that "Debtor shall also pay to Lender all expenses of retaking, holding, preparing for sale, selling and the like, including without limitation (a) the reasonable fees of any attorneys retained by Lender, and (b) all other legal expenses incurred by Lender." *See, e.g.*, Doc. 1-1 pg. 4. Likewise, the guaranty documents all provide that defendant Griffiths will "pay on demand…all losses, costs attorneys' fees and expenses…" incurred in collecting the amounts owed under the Agreements. *See, e.g.*, Doc. 1-2, pg. 8.

As noted by the District Court, two of the Agreements provide that they will be governed by Utah law and two provide they are governed by Texas law. [Doc. 2, pg. 5, fn. 1]. Both states affirm the right to recovery of reasonable attorneys' fees and costs

2

pursuant to the terms of a contractual agreement.  *Dixie State Bank v. Bracken*, 764 P.2d 985 (Utah 1988); and *Texas Commerce Bank, Nat. Ass'n v. New*, 3 S.W.3d 515 (Tex. 1999).

In the present case, the District Judge has stated that the same documents that entitle the plaintiff to judgment on the amounts owed by the defendants allow the recovery of attorneys' fees and costs.  The defendants have not challenged the amount of attorneys' fees and costs set forth in the Motion, the hours itemized in the affidavits of counsel, or the billing rates indicated in the itemizations.  The itemizations appear reasonable to this Court.  Under the circumstances of this case, with no challenge raised, the Court does not feel that a hearing on the unopposed Motion is necessary.  In any event, *Texas Commerce Bank, supra*, at 517-518, held that an unopposed affidavit regarding the amount of attorneys' fees sought which was signed and filed by plaintiff's counsel "was legally sufficient to support the trial court's judgment for attorney's fees." Accordingly, it is respectfully recommended that the plaintiff's unopposed Motion [Doc. 24] be GRANTED, and that plaintiff be awarded a judgment for $23,395.00 in attorneys' fees, and $485.00 in costs. [1]

        Respectfully submitted:

        s/ Clifton L. Corker
        UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).